J-S47040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEY I. DIXON | : | |
| | : | |
| Appellant | : | No. 10 EDA 2024 |

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003861-2011

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                          **FILED MARCH 17, 2025**

Joey I. Dixon ("Dixon") appeals from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Dixon raises a claim of ineffective assistance of counsel based on his assertion that his trial counsel was ineffective for failing to call two alibi witnesses at trial. Because we conclude that Dixon's claim lacks arguable merit, we affirm.

The PCRA court summarized the factual history of this case as follows:

> On November 19th, [2010], Hasan Sampson, (hereinafter, referred to as "Victim") agreed to meet [Dixon] at 5266 Burton Street, in the City and County of Philadelphia. Victim drove to the location alone and double-parked in the middle of the street to have a conversation with [Dixon]. During this conversation, [Dixon] told Victim to get out of the car, but Victim was afraid and refused. [Dixon] then drove away. [Dixon] then called Victim and

_____

[1] 42 Pa.C.S. §§ 9541-9546.

asked him to return to 5266 Burton Street and Victim complied. When Victim returned, [Dixon] grabbed him and attempted to take the two phones located in Victim's pocket. The evidence showed that [Dixon] first shot [Victim], seriously injuring him in the leg, and another shot was fired but missed Victim. On November 22nd, 2010, Victim later went to give a statement to Detective Christopher Casee. In Victim's statement, he identified [Dixon] as the person who had shot him. During the police investigation, they recovered a fired .9-millimeter shell casing from the 5200 Burton Street area on the following day. Based on Victim's statement, police obtained and executed search warrants for locations where [Dixon] was thought to be. [Dixon] was subsequently arrested on November 23rd, 2010 at one of these locations while the police were serving the search warrant.

PCRA Court Opinion, 5/15/2024, at 1-2 (footnote and record citations omitted).

On June 5, 2014, a jury found Dixon guilty of aggravated assault, robbery, possessing an instrument of crime, and carrying a firearm without a license. The same day, the trial court also found Dixon guilty of possession of a firearm by a prohibited person. The trial court sentenced Dixon to an aggregate term of twenty to forty years in prison followed by five years of probation. On June 7, 2016, this Court affirmed Dixon's judgment of sentence and on October 19, 2016, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. *See Commonwealth v. Dixon*, 140 A.3d 718 (Pa. Super. 2016), *appeal denied*, 159 A.3d 938 (Pa. 2016).

On October 18, 2017, Dixon filed a timely PCRA petition. The PCRA court subsequently appointed counsel and on March 29, 2018, Dixon filed a supplemental petition in which he alleged that trial counsel was ineffective for failing to call Hakim Smith ("Smith"), Dixon's coworker, and Malika Watkins

- 2 -

("Watkins"), Dixon's paramour, as alibi witnesses in his defense at trial. *See* Supplemental PCRA Petition, 3/29/2018, ¶¶ 18-29. On February 28, 2019, the Commonwealth filed a motion to dismiss Dixon's PCRA petition. On December 6, 2019, the PCRA court issued notice of its intent to dismiss Dixon's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 20, 2020, the PCRA court dismissed the petition.

On March 19, 2020, Dixon filed a timely notice of appeal. This Court dismissed that appeal on June 29, 2020, because Dixon failed to file a docketing statement. Six months after we dismissed the appeal, Dixon's counsel filed an application to submit the docketing statement nunc pro tunc in which counsel averred that he experienced several COVID-related problems in the time during which the docketing statement was due. On January 5, 2021, this Court entered an order rescinding the June 29, 2020 order and reinstated the appeal without prejudice for the merits panel to determine whether the Court had jurisdiction to rescind the dismissal order. On February 7, 2023, the merits panel concluded that this Court did not have jurisdiction on January 5, 2021, to rescind the June 29, 2020 dismissal order because it was beyond the thirty-day time limit for modifying or rescinding orders set forth in 42 Pa.C.S. § 5505. *See Commonwealth v. Dixon*, 1042 EDA 2020 at 7 (Pa. Super. Feb. 7, 2023) (non-precedential decision).

On May 17, 2023, Dixon filed a counseled second PCRA petition requesting the reinstatement of his right to appeal the dismissal of his first

PCRA petition. Dixon asserted that his counsel's failure to file a docketing statement resulting in dismissal of his appeal constituted per se ineffective assistance of counsel. *See* PCRA Petition, 5/17/2023. On November 14, 2023, the Commonwealth responded, stating that it was not opposed to the reinstatement of Dixon's appellate rights. *See* Letter from the District Attorney's Office, 11/14/2023. On November 16, 2023, the PCRA court granted Dixon's second PCRA petition, finding that Dixon's second petition satisfied the newly discovered fact exception to the PCRA's time bar and reinstated his right to appeal the denial of his first PCRA petition. *See* PCRA Court Order, 11/16/2023; *see also* 42 Pa.C.S. § 9545(b)(1)(i).

This timely appeal followed. Both Dixon and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. Dixon raises the following issues for review.

> 1. Did the [PCRA] court err in failing to grant an evidentiary hearing for the two alibi witnesses whose affidavits swore that [Dixon] was with them at the time of the crime?
>
> 2. Did the plain meaning of the words within the four corners of the alibi witnesses' statements amount to an alibi, which discussed events that occurred on the day and at the time of the alleged crime?
>
> 3. Did the PCRA court err by determining that [Dixon] waived his right to have alibi or any other witnesses testify at his trial?

Dixon's Brief at 4-5.

We begin by acknowledging our standard of review. "We review the denial of PCRA relief by examining whether the PCRA court's conclusions are

supported by the record and free from legal error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023). "[W]e defer to the factual findings of the post-conviction court, which is tasked with hearing the evidence and assessing credibility. ***Id.*** Our standard of review of a PCRA court's legal conclusions, however, is de novo. ***Id.***

We address Dixon's three issues together, as they are related. Dixon argues that his trial counsel was ineffective for failing to call two alibi witnesses at his trial—Smith and Watkins. Dixon's Brief at 7-11. He contends that Smith's and Watkins' testimony was critical to his defense at trial, as they would have provided evidence that he could not have been at the scene of Victim's shooting on the night in the question, which would have likely led to a different result at trial. ***Id.*** Dixon further asserts that the PCRA court erred by declining to hold a hearing on his PCRA petition, as it would have allowed the court to hear testimony from Smith and Watkins so that it could assess their credibility. ***Id.*** at 8.

> Dixon raises a claim of ineffective assistance of counsel.
>
> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (quotation marks and citation omitted). Importantly, a PCRA petitioner must address each of these three prongs on appeal, as the petitioner bears the burden of pleading that counsel provided ineffective assistance. *Id.* This Court, however, need not review claims of ineffective assistance of counsel in any particular order, as the law is clear that "[a] petitioner's failure to satisfy any prong of this test is fatal to the claim." *Id.*

Our Supreme Court has explained that "[a]n alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Jones*, 210 A.3d 1014, 1017 (Pa. 2019) (quotation marks and citation omitted). Additionally, the failure to call a witness can constitute ineffective assistance of counsel only where the petitioner shows (1) that the witness existed; (2) was available to testify, (3) was willing to testify on the defendant's behalf; (4) that trial counsel knew or should have known of witness' existence; and (5) that the witness' testimony would have been helpful to the defendant. *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012). To demonstrate prejudice from the failure to call a witness, the petitioner must show that the witness' testimony would have been sufficiently beneficial to the defense such that there was a reasonable probability of a different outcome at trial if the witness had testified. *Id.* at 1109.

Importantly, this Court has held "that a claim that counsel was ineffective in failing to call alibi witnesses lacked arguable merit where the trial court conducted a colloquy of the defendant regarding whether he agreed with the decision not to proffer those witnesses." *Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa. Super. 2014) (en banc) (citing *Commonwealth v. Paddy*, 800 A.2d 294, 316 (Pa. 2002). We explained that "the decision not to call alibi witnesses was [the defendant's] as well as trial counsel's," and if the defendant's decision not to call witnesses on his behalf "has not been shown to have been unknowingly, involuntarily, or unintelligently made, this allegation of ineffectiveness lacks arguable merit." *Id.* (quotation marks and citation omitted).

In this case, the trial court conducted a colloquy regarding Dixon's decision not to call fact witnesses on his behalf. That exchange, in relevant part, was as follows:

> THE COURT: It is your absolute right, but before we go to the next -- well, before we get to your case, I just want to ask you some questions. Are you currently under the influence of any drugs or alcohol?
>
> [Dixon]: No.
>
> THE COURT: Are you currently being treated for any psychiatric illness?
>
> [Dixon]: No.
>
>                  *     *     *
>
> THE COURT: In this matter, did you wish to call any witnesses?

[Dixon]: No, Your Honor.

\*     \*     \*

THE COURT: Are you satisfied with your services -- the services of your attorney up to this point?

[Dixon]: Yes.

THE COURT: … But at this point I do believe that the defendant has made a knowing and intelligent decision, and I will accept that.

Should you change your mind over the lunch hour, simply let me know, because up until your attorney rests the case, it is still your decision and your decision alone; do you understand?

THE DEFENDANT: Yes.

N.T., 6/4/2014, at 85-87.

The trial court sufficiently colloquied Dixon as to his decision not to call any witnesses on his behalf at trial; thus, based on our decisions in *Pander* and *Paddy* his claim that trial counsel was ineffective failing to call Smith and Watkins as alibi witnesses lacks arguable merit.[2] *See Pander*, 100 A.3d at 642.

---

[2] We further note that Smith's and Watkins' affidavits do not support Dixon's claim that their testimony would have changed the outcome at trial. In Smith's affidavit, he stated that he was working with Dixon at a barber shop on the night of the shooting and that Dixon left the shop between 6:00 and 7:00 p.m. Commonwealth's Motion to Dismiss, 2/28/2019, Exhibit C-1. There is no dispute, however, that the shooting occurred between approximately 10:30 p.m. and 10:40 p.m. N.T., 6/4/2014, at 48. In Watkins' affidavit, she claimed that on the night of the shooting, she spent the entire night with Dixon until police awakened them when they arrived at their home to arrest Dixon the same night. Commonwealth's Motion to Dismiss, 2/28/2019, Exhibit C-2. *(Footnote Continued Next Page)*

Dixon attempts to argue that he agreed not to call any witnesses at trial because he was depressed, which caused him to suffer from weakened intellect, and that his decision was the result of undue influence from trial counsel. Dixon's Brief at 11. Dixon, however, has proffered nothing in support of these claims. Tellingly, he points to no place in the record that would indicate that his decision not to call witnesses at his trial was the result of any mental health concerns or untoward behavior by trial counsel. These unsubstantiated allegations therefore do not entitle Dixon to relief.

With respect to Dixon's claim that the PCRA court erred in dismissing his petition without a hearing, we have recognized:

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Smith***, 244 A.3d 13, 16 (Pa. Super. 2020) (quotation marks and citation omitted).

_____

The record reflects, however, that the shooting occurred on November 19, 2010, and that police arrested Dixon on November 23, 2010. Thus, neither Smith nor Watkins were viable alibi witnesses, as Smith's statement does not account for Dixon's whereabouts at the time of the shooting and Watkins' statement is contradictory. ***See Jones***, 210 A.3d at 1017.

Because Dixon's claim of ineffective assistance of counsel lacks arguable merit based on the colloquy he received at trial regarding his decision not call any witnesses in his defense, there are no genuine issues of material fact that, if resolved in his favor, would entitle him to relief. Thus, the PCRA court did not abuse its discretion in dismissing his petition without a hearing.

As we conclude that the PCRA court's decision is supported by the record, we affirm the order dismissing Dixon's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2025